IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:26-cv-00829-JDW |
| | : | |
| JOSHUA SHAPIRO, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Frank Nellom, a frequent *pro se* litigant, has filed a civil action that consists mostly of unclear and disjointed statements about building solar-powered greenhouses, asserts generalized grievances for which Mr. Nellom lacks standing, and asserts a frivolous claim that Mr. Nellom has a Second Amendment right to grow food. I will dismiss the Complaint. Given Mr. Nellom's history, I will also require him to show cause why I should not curtail his privilege to proceed *in forma pauperis* in the future.

## I.     FACTUAL ALLEGATIONS[1]

Congress passed the "Infrastructure Investment and Jobs Act"[2] in 2021, which resulted in the "Justice40 Initiative mission of Sustainability of our nation via renewable."[3]

---

[1] I have taken the facts from Mr. Nellom's Complaint and taken judicial notice of prior court proceedings..

[2] See Pub. L. No. 117-58 (2021).

[3] Mr. Nellom appears to refer to § 223 of Executive Order 14008, which President Biden signed on January 27, 2021. *See* https://www.federalregister.gov/documents/2021/02/01/2021-02177/tackling-the-climate-crisis-at-home-and-abroad (last viewed Feb. 12, 2026). President Trump revoked Executive Order 14008 was on January 20, 2025. *See*

(ECF No. 2, ¶ 3.) The Department of Energy then created the National Community Solar Partnership (NCSP) to "advise on placing in low income communities." (*Id.*) Mr. Nellom mentions a "National Renewable Energy Laboratory $8.2 million prize money $400k to the winners via HeroX online platform."[4] (*Id.*) He asserts that the "essence of the proposed project, to develop greenhouse with solar installations as a way of creating power generating and job producing community hubs encouraging food sovereignty and economic health is a great idea." (*Id.* (emphasis omitted).) The project would apparently build 4,800 square foot greenhouses with solar panel roof systems to produce renewable food, energy, water production, and job effects. He claims that "children have a fundamental right to benefit from learning to create a sustainable renewable future as a nation." (*Id.* at ¶ 3(c).) He claims a Second Amendment right of self-defense that "include[s] a fundamental right to grow food to survive, right to bear arms is based upon." (*Id.* at ¶ 5.) As relief, Mr. Nellom seeks to have the Governors of Pennsylvania and Puerto Rico "file an answer showing awareness of this opportunity to advance youth toward the more perfect union we are all entitled found in a nation learning to grow together comfortably in Greenhouses." (*Id.* at ¶ 8.)

---

https://www.whitehouse.gov/presidential-actions/2025/01/initial-rescissions-of-harmful-executive-orders-and-actions/ (last viewed Feb. 12, 2026).
    [4] The National Renewable Energy Laboratory is now called the National Laboratory of the Rockies. *See* https://www.nlr.gov/about/history (last viewed Feb. 12, 2026).

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. *In forma Pauperis*

Mr. Nellom has completed the required forms and attested under penalty of perjury that he lacks the income or assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis* in this case. More on tis below, though.

### B. **Plausibility Of Claims**

### 1. Mr. Nellom lacks standing to assert generalized grievances

To the extent Mr. Nellom seeks to address general grievances about government because "children have a fundamental right to benefit from learning to create a sustainable renewable future as a nation" or because building solar-powered greenhouses is a "great idea" (ECF No. 3 at ¶ 3 & 3(c)), he has not stated a case or controversy over which this Court has jurisdiction. "[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) (quotations and citations omitted).

To the extent Mr. Nellom seeks to invoke jurisdiction by citing the Declaratory Judgement Act and Federal Rule of Civil Procedure 57, that effort fails. "The Declaratory Judgment Act does not[] … provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017) (citations and footnote omitted). And nothing in the Federal Rules of Civil Procedure creates a basis for federal question jurisdiction. See Fed. R. Civ. P. 82.

### 2. Mr. Nellom's Second Amendment claim is frivolous

To the extent Mr. Nellom invokes the Second Amendment to support a personal claim of a violation of a "self-defense" right and names state actors as Defendants, I

4

understand him also to assert a claim pursuant to 42 U.S.C. § 1983 on his own behalf. Any claim for violation of the Second Amendment based on building solar-powered greenhouses is legally frivolous.

The Second Amendment states, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court held that the Second Amendment conferred an individual right to keep and bear arms and that statutes banning handgun possession in the home violated Second Amendment. Nothing in Second Amendment jurisprudence expands the scope of the Amendment to include a right to build solar-powered greenhouses or recognizes a fundamental right to grow food to survive.

### C.     Order To Show Cause

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)(citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)). "[T]wo fundamental tenets of our legal system — the litigant's rights to due process and access to the courts" limit a district court's broad discretion under that statute. *Id.* District courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by

5

filing meritless and repetitive actions." *Id.* (citations omitted); *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038 (citations omitted); *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038 (citations omitted); *see also Chipps v. U.S. Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). The Third Circuit has deemed the issuance of a prefiling injunction to curtail meritless litigation to be an appropriate use of the court's authority. *See, e.g., Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736, 738 (3d Cir. 2020) (*per curiam*).

Over the past 25 years, Mr. Nellom has filed 24 civil cases in this Court, none of which proceeded beyond the pleading stage of the litigation, including 12 such cases in the past five years.[5] This Complaint, which presents generalized grievances and frivolous

---

[5] *See Nellom v. Green*, No. 00-4151 (removed case; stipulation of dismissal with prejudice); *Nellom v. Horn*, No. 02-2190 (motions to dismiss granted); *Nellom v. Luber*, No. 02-mc-76 (petition for removal dismissed for failure to prosecute); *Nellom v. First Union National Bank*, No. 02-mc-108 (removed case remanded to state court); *Nellom v. Rolands*, No. 06-2354 (motion to dismiss granted); *Nellom v. Ward*, No. 07-3162 (*in forma pauperis* denied under three-strike provision); *Nellom v. Rowlands*, No. 09-1371 (*in forma pauperis* denied); *Nellom v. Darby Borough*, No. 12-4627 (motions to dismiss granted); *Nellom v. Fairman*, No. 14-6690 (motion to dismiss granted); *Nellom v. Del. Cnty. Domestic Rels. Section*, No. 15-1229 (motions to dismiss granted); *Nellom v. Aqua Pa., Inc.*, No. 16-1454 (dismissed for failure to prosecute); *Nellom v. Mercy Fitzgerald Hosp.*, No. 16-2667 (dismissed for failure to prosecute); *Nellom v. Exelon Corp.*, No. 22-0268 (dismissed on screening as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Nellom v. Exelon Corp.*, No. 22-1093 (dismissed in part with prejudice and in part without prejudice

claims without payment of the filing fee gives me reason to believe that, without an injunction, he will continue to file cases that lack serious merit with no economic consequence to himself, thereby wasting scarce judicial resources. Thus, I will enter an Order that directs Mr. Nellom to show cause why I should not limit his ability to file future lawsuits *pro se* in this Court without paying the filing fee should not be enjoined unless he includes with his complaint and *in forma pauperis* application a certification that a licensed attorney has signed, indicating that the claims he seeks to present have arguable merit. The claim must include the attorney's bar number and contact information. The anticipated injunction would require the Clerk of Court to return to Mr. Nellom any new case submissions that fail to comply, without docketing them.

The accompanying Order provides Mr. Nellom with the notice required by *Brow*, 994 F.2d at 1038. The proposed injunction will be narrowly tailored to fit the particular circumstances presented because, if Mr. Nellom submits the certification, he will be able

---

as *Heck* barred); *Nellom v. Kenney*, No. 22-1092 ("habeas" case filed on behalf of two minor relatives dismissed); *Nellom v. Ambrose*, No. 22-1283 (motion to dismiss granted, claims brought on behalf of others dismissed); *Nellom v. Comm'r of Soc. Security*, No. 23-1268 (motion to dismiss granted); *Nellom v. Krasner*, No. 24-2974 (dismissed on statutory screening); *Nellom v. Panckeri*, No. 24-3045 (dismissed for failure to prosecute); *Nellom v. Comm'r of Soc. Security*, No. 25-1894 (dismissed for failure to exhaust administrative remedies); *Nellom v. Albino*, No. 25-3453 (transferred to District of Puerto Rico and subsequently dismissed for failure to comply with Fed. R. Civ. P. 8); *Nellom v. Pena*, No. 25-3735 (transferred to District of Puerto Rico and subsequently dismissed for failure to comply with Rule 8); *Nellom v. Police and Fire Federal Credit Union*, No. 25-6386 (dismissed with prejudice on screening); *Nellom v. Wylesol*, No. 25-6637 (dismissed with prejudice on screening).

8

to continue to seek to proceed *in forma pauperis* to seek judicial redress for claims with arguable merit. Mr. Nellom also remains able to file cases without the certification if he pays the filing fee.

## IV.    CONCLUSION

I will dismiss Mr. Nellom's Complaint in part for lack of subject matter jurisdiction and in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous. I will not grant him leave to amend because there's no more he could say that would cure the failures I have identified. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 6, 2026